**CHADWELL, Plaintiff, v. CAIN, Defendant.**

Common Pleas Court, Franklin County.

No. 196339. Decided April 24, 1957.

James B. Albers, for plaintiff.

Alba L. Whiteside, Asst. City Atty., Harrison W. Smith, Jr., Special Counsel, for defendant.

## OPINION

By LEACH, J.

This is an action to enjoin the City Clerk of the City of Columbus, Ohio, from forwarding to the City Council the transcript of the proceedings of the Board of County Commissioners approving the annexation to said City of approximately 84 acres in Mifflin Township. Plaintiff is an adult freeholder, residing in the area in question.

With the exception of the question of whether the evidence before the Court does or does not establish that, at the time of the order of the Board of August 14, 1956, there had been sufficient withdrawals of original signators of the petition to leave less than a majority of the adult resident freeholders, the issues presented herein are identical to those in Hicks v. Cain, No. 195,851, 78 Abs 566, decided this day.

On the question of whether plaintiff is a "person interested" within the purview of §709.07 R. C., and having the legal capacity to litigate the question of the jurisdiction of the Board to make the order of August 14, 1956, we conclude that he is. The reasons for such conclusion are stated in our opinion in the Hicks case, a copy of which is attached hereto.

We conclude herein, as a matter of fact, that as of August 14, 1956, the withdrawals of original signators of the petition left less than a majority of adult resident freeholders still desirous of annexation at that time. The transcript, admitted into evidence, contains the petition filed April 20, 1956. It contained 16 names. The transcript also contains withdrawals of 9 of such 16 and a withdrawal of the withdrawal of 3 of the 9. Thus, of the 16 there were withdrawals of 6, leaving a total of 10. While the transcript contains an affidavit of the agent for incorporation stating that there were 19 adult resident freeholders in the area, the parties hereto have filed in this case stipulations listing by name and address some 21 such adult resident freeholders. 10, of course, is not a majority of 21.

Defendant asserts that there was no evidence introduced to prove that the withdrawals were signed by the same persons who signed the petition. In Lynn v. Supple, 166 Oh St 154, 163, it is stated:

"A comparison of his signature on the withdrawal request with what purports to be his signature on the referendum petition may often be sufficient without other evidence to verify his identity as a signer of the referendum petition."

We find such to be sufficient here to verify such identity.

Defendant also asserts in effect, that since there is no record as to what was said orally to the Commissioners, and since, under the holding in the Lynn case no particular formalities are required for a withdrawal except such as might be necessary to establish identity, the same would be true as to the withdrawal of a withdrawal and it would be possible that some of those who withdrew in writing might have withdrawn such withdrawal orally. In the absence of any evidence to this effect this simply asks the Court to deal in speculation or mere possibilities. The written withdrawals being in evidence as a part of the transcript, it was incumbent upon the defendant to introduce evidence showing such oral withdrawals of the withdrawals, if, in fact, there were such.

As in the Hicks case, however, we find that all of the withdrawals herein were subsequent to "official action" on such petition by the Board on April 24, 1956, when it adopted a formal order (1) directing that the petition be filed with the County Auditor, (2) fixing the date of hearing and (3) directing the notification of the agent as to the time and place of hearing. By virtue of the fact that such "official action" had been taken prior to the withdrawals, we conclude that the Board did have jurisdiction to make its order of August 14, 1956. Our reasons for such conclusion are fully set out in the attached Hicks case opinion.

Since the sole basis for injunctive relief asserted by the plaintiff at the hearing herein was the claim of lack of jurisdiction, plaintiff's request for injunction is denied, the petition ordered dismissed in accordance with the provisions of §709.08 R. C., and final judgment rendered for defendant at the costs of the plaintiff.

Entry may be prepared accordingly, reserving exceptions.